[Civ. No. 8259. First Appellate District, Division Two.—April 4, 1932.]

H. H. MERRICK, Appellant, v. JOHN C. PORTER, Respondent.

Arthur S. Guerin, E. H. Delorey and Swaffield & Swaffield for Appellant.

William J. Clark, George B. Bush and Joseph Scott for Respondent.

DOOLING, J., *pro tem.*—This is an appeal from a judgment of dismissal of a contest of the election of Mr. John C. Porter to the office of mayor of the city of Los Angeles. Section 1111 of the Code of Civil Procedure provides in subdivision 3 thereof for a contest of election in the following language:

"Any elector of a county, city and county, city, or of any political subdivision of either, may contest the right of any person declared elected to an office to be exercised therein, for any of the following causes: . . . 3. When the person whose right is contested has given to any elector or inspector, judge, or clerk of the election, any bribe or reward, or has offered any such bribe or reward for the purpose of procuring his election, or has committed any other offense against the elective franchise defined in title four, part one, of the Penal Code."

In Title IV, Part I, of the Penal Code are found sections 41 and 61, reading respectively as follows:

"41. Every person charged with the performance of any duty, under the provisions of any law of this state relating to elections, who willfully neglects or refuses to perform it, or who, in his official capacity, knowingly and fraudulently acts in contravention or violation of any of the provisions of such laws, is, unless a different punishment for such acts or omissions is prescribed by this code, punishable by fine not exceeding one thousand dollars, or by imprisonment in the state prison not exceeding five years, or by both."

"61. Every person who willfully violates any of the provisions of the laws of this state relating to elections is, unless a different punishment for such violation is prescribed by this code, punishable by fine not exceeding one thousand dollars, or by imprisonment in the state prison not exceeding five years, or by both."

Section 1 of Act 2262, General Laws, makes it the duty of every candidate at a public election to file a statement of moneys received and expended in aid of his election in detail and manner as therein prescribed.

Section 9 of the same act provides that "any person offending against any of the provisions of this act shall be guilty of misdemeanor and be dealt with as provided in the Penal Code".

The statement of contest in this case is in two counts, one charging certain wilful violations of section 1 of Act 2262 by respondent in the making and filing of his statement of moneys received and expended in the campaign preceding the general election and the other charging wilful violations of the same section in the statement of receipts and expenditures in the primary election campaign.

It is appellant's theory that the wilful violation of section 1, Act 2262, is a crime under Penal Code, sections 41 and 61 above set out, and hence furnishes a ground of contest under Code of Civil Procedure, section 1111. It is respondent's theory, on the other hand, that since section 9 of Act 2262 specifically makes any offense against that act a misdemeanor, sections 41 and 61 of the Penal Code can have no application to any violation of that act.

Appellant attempts to distinguish between wilful violations of the act and those which are not wilful; arguing that any violation of the act which is not wilful is made a misdemeanor by section 9 thereof, and that wilful violations are covered by sections 41 and 61 of the Penal Code. Several reasons compel us to hold that section 9 of the act in question excludes the application of the Penal Code sections to any offenses against Act 2262.

It is axiomatic that in statutory construction the specific controls the general. Section 9 of the act in question is specific, providing as it does that "any person offending against the provisions of this act shall be guilty of a misdemeanor". Sections 41 and 61 of the Penal Code are general, referring to all laws concerning elections and not at all specifically to the act here under consideration. Section 9 of the act is broad enough in language and scope to cover all offenses against the act, those which are wilful as well as those which are not, making all alike a misdemeanor. We are satisfied that section 9 of the act is all-inclusive of offenses against the provisions of the act and leaves no room for the application of sections 41 and 61 of the Penal Code thereto.

This conclusion is strengthened, if need be, by two other considerations: 1. "Constructive crimes—crimes built up by courts with the aid of inference, implication, and strained interpretation—are repugnant to the spirit and letter of English and American criminal law." (*Ex parte McNulty,*

77 Cal. 164, 168 [11 Am. St. Rep. 257, 19 Pac. 237, 239].)

2. When Act 2262 was adopted it expressly repealed an act of similar character approved February 23, 1893. In the act so repealed there was a provision in section 4 thereof providing specifically that any candidate for public office who should refuse or neglect to file, or make a false, statement of moneys received or expended as required by that act should forfeit any office to which he had been elected in the election with reference to which the statement was required to be made. This was repealed by Act 2262 and no similar provision was included in that act. This would seem to indicate a deliberate intention on the part of the legislature not to make violations of the provisions of Act 2262 result in a forfeiture of office.

Appellant calls attention to the fact that section 8 of Act 2262 provides that "no provisions of this act shall be construed so as to repeal any provision of Title IV of Part I of the Penal Code". Sections 41 and 61 of the Penal Code are not repealed by the act or by our construction of it. They remain as fully effective as before. All that we hold is that they do not include offenses against Act 2262 itself.

We conclude that a violation of Act 2262 is not an offense against the elective franchise defined in Title IV, Part I, of the Penal Code and hence furnishes no ground for contesting an election under subdivision 3, section 1111 of the Code of Civil Procedure. It follows that the statement of contest failed to state a cause of action and was properly dismissed.

Judgment affirmed.

Nourse, P. J., and Spence, J., concurred.